# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHRISTOPHER LAMONT RELIFORD,<br><br>      Plaintiff,<br>v.<br>ROBERT E. HANEY, MARY K. LUZI, DR. COLLINS, JAME C. GRIFFIN, CHRISTOPHER OTTOWAY, and JOHN and JANE DOES,<br><br>      Defendants. | Case No. 17-CV-271-JPS<br><br><br><br>**ORDER** |

  Plaintiff Christopher Lamont Reliford ("Reliford"), who is presently housed at the Mendota Mental Health Institute, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on Reliford's motion to proceed *in forma pauperis*. (Docket #2). Reliford lacks the funds to pay an initial partial filing fee. (Docket #11); 28 U.S.C. § 1915(b)(4).

  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774

(7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted); *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

On March 22, 2016, someone complained that Reliford had assaulted a person at the Atkinson library. (Docket #1 at 4). Christopher Ottoway ("Ottoway"), a police officer, was dispatched to the library. *Id.* When he arrived, fire department personnel were already treating the victim's injuries. *Id.* Ottoway interviewed witnesses, including the victim, a security guard, and a librarian. *Id.* at 5. He also took pictures of the scene and obtained some video surveillance footage. *Id.* Reliford was apparently not present throughout Ottoway's investigation.

Reliford was arrested two days later by the John and Jane Does, also police officers, at a different library. *Id.* Reliford complains that no warrant was issued for his arrest. *Id.* He also states that no witnesses ever positively identified him prior to his preliminary hearing which occurred in December 2016. *Id.* Reliford seems to believe that the witnesses' identification of him as the perpetrator in the preliminary hearing was fabricated due to "officer corruption," apparently referencing Ottoway. *Id.*

Reliford alleges that his public defender, Robert E. Haney ("Haney"), and Jame C. Griffin ("Griffin"), the district attorney, conspired together "to process [him] and move [him] forward without an out of court identification made by [the victim or] witnesses." *Id.* Haney had Reliford examined by mental health professionals in an attempt to "[use] incompeten[cy] proceeding[s] to suppress the above proof." *Id.* Reliford alleges that the "conspiracy" regarding his incompetency included the doctors who examined him. *Id.* Though he does not name those doctors in the body of the complaint, the Court assumes they are Mary K. Luzi ("Luzi") and Dr. Collins ("Collins"), identified as "mental doctors" in the caption. *Id.* at 1.

Reliford complains about various aspects of Haney's conduct, including that he withheld relevant documents. *Id.* at 6. The Court cannot determine the meaning of the next relevant sentence, so it transcribes the sentence verbatim: "Due to these Defendants malice conduct of depriving the plaintiff of his constitutional rights stated above and further abusing the process of continuingly using the psychiatric evaluation in order to plaintiff from having his request plea without and N.G.I. are the direct and proximate cause of plaintiff mental suffering and night mare." *Id.* Reliford requests

$5,000,000 in damages for "false imprisonment base[d] on mistaken arrest and detention was i[m]proper because police lacked probable cause to arrest." *Id.* He also references retaliation for filing grievances, but he alleged no facts related to such a claim. *Id.*

As best the Court can discern, Reliford advances two claims. First is against Ottoway, and potentially the John and Jane Doe officers, for arresting him without probable cause. Specifically, Reliford contends that they have the wrong person; no witness identified him as the culprit until many months after the arrest. These allegations state a claim for false arrest in violation of the Fourth Amendment. *Williams v. Rodriguez*, 509 F.3d 392, 398-99 (7th Cir. 2007).

Nevertheless, this claim may run afoul of the *Heck* doctrine, which holds that a claim for damages may not be pursued if its success would necessarily imply the invalidity of the criminal conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). However, *Heck* does not automatically preclude Fourth Amendment claims related to conduct underlying a conviction. *Wallace v. Kato*, 549 U.S. 384, 394 (2007). As long as a plaintiff's claims do not impugn the validity of his conviction or sentence, courts can entertain Section 1983 suits based on police investigative conduct that violates the Fourth Amendment. *Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008).

Public records indicate that Reliford was charged with battery and disorderly conduct. *See State of Wisconsin v. Christopher Lamont Reliford*, No. 2016-CF-1315, Milwaukee County Circuit Court, *available at*: https://wcca.wicourts.gov. Reliford's claim, if proven, would necessarily

imply the invalidity of a conviction on these charges; he alleges that police arrested the wrong person based on insufficient identification, and thus that he is entirely innocent. The criminal case is still pending, however. On March 21, 2017, the court conducted a competency hearing and determined that Reliford was incompetent to proceed in the case at the time, but was likely to become competent. *Id.* at Court Record Events. The case was suspended pending further mental health treatment for Reliford and a report from his treating doctors due on June 27, 2017. *Id.*

The Court will abstain from hearing this claim while Reliford's criminal proceedings are ongoing under the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37, 53 (1971); *Simpson v. Rowan*, 73 F.3d 134, 137 (7th Cir. 1995) ("[A]bsent extraordinary circumstances federal courts should abstain from enjoining ongoing state criminal proceedings."). The Seventh Circuit has counseled that a judgment on the convict's federal damage action before the conclusion of his direct appeal "might undermine the supreme court's consideration of [the convict's] constitutional defenses to his criminal conviction." *Simpson*, 73 F.3d at 138. As a result, the Court of Appeals instructs that district courts should abstain from hearing such claims "while the case works its way through the state appellate process." *Id.* The Court must, therefore, stay Reliford's first claim pending final disposition of the criminal proceedings. *Id.* at 139.

Reliford's second claim is for a "conspiracy" between Haney, Griffin, Luzi, and Collins, to use their roles in the incompetency proceedings as a means to suppress the baselessness of Reliford's arrest. This claim is not viable. Haney acted as Reliford's public defender, and is not a state actor as

is required for Section 1983 liability. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (public defenders acting as counsel do not act "under color of state law" and cannot be sued under Section 1983). Griffin prosecuted Reliford's case, and is thus immune from a damages claim based on her actions taken toward that end. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) (district attorneys immune from suits based on prosecutorial actions). Reliford's allegations suggest that Luzi and Collins are also not state actors. (Docket #1 at 5) ("The plaintiff defense attorney Robert A. Haney conspire with psychiatric[.] . . . [P]rivate party psychiatrist acted under color of state law employees intertwined in process of evaluating and detaining individual who are believe to be mentally ill."). Even assuming they were, Reliford's allegations merely offer the label of "conspiracy" and state no facts relating to Luzi or Collins' conduct, and are thus insufficient to support any claims against the doctors.

In sum, the Court finds that Reliford may proceed on the following claim: false arrest, in violation of the Fourth Amendment, against Ottoway and the John and Jane Doe police officers. 28 U.S.C. § 1915A(b). As noted above, this claim must be stayed until the conclusion of Reliford's criminal case. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted . . ., it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended. . . . If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit."). This matter will be administratively closed in the interim. Reliford

must provide updates on the status of his criminal case **every thirty days**. If he does not, this matter will be dismissed. Reliford must further notify the Court upon the conclusion of his criminal case, either by its dismissal or his conviction.

Along with his complaint, Reliford filed a motion for appointment of counsel. (Docket #4). Under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The Court should seek counsel to represent the plaintiff if the plaintiff: (1) has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote,* 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). Reliford's motion says nothing about his attempts to secure counsel. (Docket #4). Further, this case is not complex; whether probable cause existed for his arrest is not beyond a layperson's understanding and requires no expert opinion. Reliford's motion for appointment of counsel will be denied.

On March 7, 2017, Reliford filed two additional motions. First is to be declared indigent, as related to the payment of an initial partial filing fee. (Docket #7). The Court has already waived the fee, so this motion will be denied. (Docket #11). Reliford's second motion is to "supplement" his complaint to add new allegations against another defendant. (Docket #6). The document is largely illegible, but even if it could be read, it must be denied. Complaints cannot be "supplemented" piecemeal; an amended complaint supersedes a prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park*

*Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). Thus, if Reliford wished to offer an amended complaint, it must include all of the allegations, defendants, and claims he wishes to pursue moving forward.

Finally, on April 17, 2017, Reliford offered a second motion to supplement his complaint. (Docket #13). This document is much longer than the first motion to supplement, and seeks to add a number of new defendants to the overall "conspiracy," including the state court judge presiding over his criminal case. *Id.* It is just as illegible as the previous attempted supplementation. Reliford's second motion to supplemental must be denied on the same grounds as the first. Because this matter will be stayed, if Reliford desires to amend his complaint, he should do so once the stay is lifted in accordance with *Duda* and all other applicable precedent.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall

forward a copy of this Order along with plaintiff's remaining balance to the receiving institution;

**IT IS ALSO ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined;

**IT IS FURTHER ORDERED** that defendants Robert E. Haney, Mary K. Luzi, Dr. Collins, and Jame C. Griffin be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the plaintiff's motions for appointment of counsel (Docket #4), to be declared indigent (Docket #7), and to supplement his complaint (Docket #6 and #13) be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **STAYED** pending the conclusion of the plaintiff's state court criminal proceedings;

**IT IS FURTHER ORDERED** that the plaintiff shall provide updates on the status of those proceedings **on or before the 26th day of each month**;

**IT IS FURTHER ORDERED** that the plaintiff shall notify the Court when those proceedings have concluded, and the manner in which they were concluded; and

**IT IS FURTHER ORDERED** that this Clerk of the Court shall administratively close this action.

Dated at Milwaukee, Wisconsin, this 26th day of April, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge